

# NUMBER 13-16-00533-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RONNY EUGENE SCOTT, AND WIFE
ELIZABETH HELEN SCOTT,                                    Appellants,

v.

JOHN C. CARPENTER AND WIFE
SUZANNE E. CARPENTER, AND
JOSHUA A. CARPENTER,                                     Appellees.

On appeal from the 249th District Court
of Johnson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellants Ronny Eugene Scott and Elizabeth Helen Scott appeal from the trial

court's grant of a plea to the jurisdiction filed by appellees John C. Carpenter and wife,

Suzanee E. Carpenter and Joshua A. Carpenter.  By two issues, appellants contend that

the trial court erred in granting appellees' plea to the jurisdiction and the trial court abused its discretion in awarding attorney's fees to appellees. We reverse and remand.[1]

## I.    BACKGROUND

On March 15, 2016, appellants filed suit against appellees in the 249th District Court, Johnson County, Texas for deceptive trade practices, fraud, statutory fraud, negligent misrepresentation, fraudulent inducement, trespass, quiet title, violation of the Texas Debt Collection Practices Act, breach of contract, and conspiracy. Appellants alleged that appellees sold them a home without disclosing "that the foundation and plumbing was faulty and in need of significant repairs." Appellants accused appellees of falsely representing that the property "was in good condition and had no known issues or incumbrances" because "the foundation and plumbing were in dire need of repair, the roof was in excess of 15 years old, and there existed a lien on the real property which [Joshua] purportedly assumed." Appellants further alleged that Joshua falsified the deed that he filed with the county.

Appellees filed a special appearance and plea to the jurisdiction contending that the trial court lacked jurisdiction because appellants' case was "barred by [a] prior Court Order, and thus there is no justiciable controversy." Appellees also alleged that appellants had "perpetrated FRAUD in the falsification of an Insurance Policy and Declaration; and have forged the signatures of the [appellees] onto fictitious settlement agreement. . . ."

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

According to the pleadings, appellants originally filed their cause against appellees in the 413th District Court. During the pendency of the case in the 413th District Court, Elizabeth filed several bankruptcies. On March 14, 2015, the 413th District Court entered an order closing appellants' case, which stayed the proceedings due to a petition filed in the bankruptcy court. The order states, in pertinent part, "that the clerk of the Court shall close this case without prejudice and remove it from the active docket" of the trial court until the trial court received notice that the bankruptcy stay had been lifted and that the trial court would then reinstate the case. The order specified that "the right to reinstate this case without prejudice shall continue for thirty (30) days after the related bankruptcy proceedings are concluded." Relying on this order, appellees argued in their plea to the jurisdiction that the trial court lacked jurisdiction because appellant's cause in the 413th had been dismissed with prejudice, which foreclosed the refiling of the case in the trial court.

Appellants responded to the plea to the jurisdiction claiming that "there is no order of judgment that has finally disposed of the causes of actions alleged and the causes of action alleged in this cause are not pending in a suit in any other court." Appellants explained that they attempted to reinstate the cause in the 413th District Court on February 29, 2016 and on March 4, 2016, but the 413th District Court rejected both filings because according to appellants, the judge "would not open the case."

The trial court held an evidentiary hearing on appellees' plea to the jurisdiction. The bulk of the evidence presented focused on whether the parties had engaged in any fraudulent conduct such as falsifying documents. Both sides accused the other of such shenanigans. The trial court granted appellees' plea to the jurisdiction stating that

3

appellants' cause in the 413th court had been dismissed with prejudice, which foreclosed the refiling of the cause. This appeal followed.

## II. STANDARD OF REVIEW

The purpose of a plea to the jurisdiction is to "defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A challenge to the trial court's subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We will, when necessary, consider relevant evidence submitted by the parties to resolve the jurisdictional dispute. *Id.* at 227 (citing *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555). However, we will consider only the evidence relevant to the jurisdictional question. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issues, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228.

## III. DISMISSAL OF CAUSE IN 413TH DISTRICT COURT

By their first issue, appellants contend that the trial court erred by concluding that the 413th District Court dismissed their cause with prejudice. Appellees counter that the order states that appellants had thirty days to reinstate the case and that because appellants failed to do so, the cause was dismissed with prejudice.

The only question before us is whether the order closing the case in the 413th District Court dismissed appellant's cause with prejudice.[2] If it did, the trial court's grant

---

[2] In this memorandum opinion, we do not need to address the parties' claims that each side has filed fraudulent documents with the trial court as that issue is not dispositive of the appeal. *See* TEX. R. APP. P. 47.3. We have no opinion regarding whether either party has committed fraud in this case as that issue is better suited for the finder of fact.

4

of appellees' plea to the jurisdiction was proper because an action dismissed with prejudice constitutes a final determination or an adjudication on the merits and bars the party from refiling the case in another court. *See Mossier v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991); *see also Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999).

We first note that the 413th court's order does not specifically state that appellants' case was dismissed with prejudice. The order, which is entitled, "Order of Case Closed," specifically states "that the clerk of the Court *shall close this case without prejudice* and remove it from the active docket" of the trial court until the trial court receives notice that the bankruptcy stay has been lifted. (Emphasis added). Thus, clearly the 413th court merely closed the case without prejudice, and it did not dismiss the case with prejudice based on the above-cited language.

Nonetheless, as we understand it, appellees argue that the order's language stating that "the right to reinstate this case without prejudice shall continue for thirty (30) days after the related bankruptcy proceedings are concluded" shows the trial court's intent to dismiss the case with prejudice if appellants failed to file a motion to reinstate the case within thirty days. First, we note that the order specifically states that appellants would have the "right to *reinstate* this case without prejudice." (Emphasis added). We interpret this statement to mean that the trial court would reinstate the case if appellants filed a motion to reinstate within thirty days of the conclusion of the bankruptcy proceedings. And, as previously noted, appellants failed to do so. However, the order does not state that if appellants failed to file a motion to reinstate the case within thirty days of the conclusion of the bankruptcy proceedings, the case would be *dismissed* with prejudice. Moreover, the record does not contain an order by the 413th District Court dismissing

5

appellants' case with prejudice. All that appears in the record is the order of case closing and evidence presented by appellants that they filed a motion to reinstate the case, which the 413th District Court refused to do.

Appellees appear to argue that the above-quoted phrase implies that the 413th District Court's refusal to reinstate the case constitutes a dismissal with prejudice. We cannot agree that if appellants failed to file their motion to reinstate within thirty days, the order implicitly dismissed the case with prejudice because the 413th court could not have properly dismissed the case with prejudice unless it had determined the merits of appellants' causes of action.[3] *Mossler*, 818 S.W.2d at 754 ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). Clearly the 413th District Court did not determine the merits of appellants' causes of action as the order states that the case was stayed due to the filing of a petition for bankruptcy and was closed *without prejudice*. Accordingly, we conclude that, as a matter of law, the trial court erred when it granted appellees' plea to the jurisdiction on the basis that it lacked jurisdiction because the 413th District Court dismissed appellants' case with prejudice. *See Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003) ("[I]f a judgment is ambiguous—that is, subject to more than one reasonable interpretation—courts should adopt the construction that correctly applies the law."). We sustain appellants' first issue.[4]

## III. CONCLUSION

---

[3] Appellees do not cite and we have not found authority supporting a conclusion that an order of case closing implicitly dismisses a case with prejudice when the trial court specifies that it will not reinstate the case unless the motion to reinstate is filed within thirty days.

[4] Having sustained appellants' first issue, we need not address appellants' second issue as it is not dispositive. *See id.*

We reverse the trial court's judgment and remand for further proceedings.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
31st day of May, 2018.